IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN P. HEATON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CIV-09-573-D |
| | ) | |
| SOUTHWEST AIRLINES CO., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss Plaintiff's OADA Claim [Doc. No. 6], filed pursuant to Fed. R. Civ. P. 12(b)(6).  Defendant seeks the dismissal of a pendent state law claim asserted in this case under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*.  Plaintiff has timely responded in opposition to the Motion, and Defendant has replied. The Motion is thus at issue.

**Standard of Decision**

Dismissal for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *accord Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007).  In ruling on a Rule 12(b)(6) motion, the question to be decided is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'"  *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir.2007)).

**Plaintiff's Claims**

The Complaint alleges that Plaintiff is a former employee of Defendant who was qualified for and satisfactorily performing his employment position when he was wrongfully terminated on August 18, 2008, based on his age. The Complaint also alleges that Plaintiff suffered a hostile work environment during his employment and was subjected to false accusations after he refused an offer of early retirement. The Complaint states that Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and received a notice of his right to sue on March 4, 2009. Based on his factual allegations, Plaintiff asserts an ADEA claim, state common law tort claims, and a claim for violation of the Oklahoma Anti-Discrimination Act (OADA), Okla. Stat. tit. 25, §§ 1101-1901.

By its Motion, Defendant seeks the dismissal only of the OADA claim. Defendant does not challenge the sufficiency of the Complaint to state an ADEA claim or state common law tort claims. Defendant raises a purely legal question of whether Oklahoma law recognizes a private right of action under the OADA. Plaintiff contends such a cause of action exists but, alternatively, requests leave to amend his Complaint to assert a tort claim of wrongful discharge.

**Discussion**

The Oklahoma Supreme Court has held that no private right of action exists under the OADA for a claim of age discrimination. Instead, in *Saint v. Data Exchange, Inc.*, 145 P.3d 1037 (Okla. 2006), the supreme court recognized a tort claim of wrongful discharge in violation of public policy under *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), "for those who allege employment age discrimination." *Saint*, 145 P.3d at 1039. The court authorized a common law *Burk* tort remedy in order to prevent a dichotomous division between members of a unified class of persons who are victims of handicap, race, gender, or age discrimination in employment. *Id.* at 1038; *see Kruchowski*

*v. Weyerhaeuser Co.*, 202 P.3d 144, 153 (Okla. 2008). "[W]hile [OADA] gives discharged victims of handicap discrimination a private cause of action against the offending employer, it only provides an administrative remedy for victims of [sexual harassment and other discriminatory practices]." *Collier v. Insignia Financial Group*, 981 P.2d 321, 326 (Okla.1999); *cf. Tate v. Browning-Ferris, Inc.*, 833 P.2d 1218, 1229 (Okla. 1992) (OADA "does not provide a private right of action to a person aggrieved by racially discriminatory practices"). The Oklahoma Supreme Court held in *Saint* that victims of age discrimination in employment may pursue a cause of action under a *Burk* tort theory because such a claim is not available to them directly under OADA. *See Saint*, 145 P.3d at 1038-39; *see also Kruchowski*, 202 P.3d at 151 (reaffirming "that age discrimination victims are part of the employment discrimination class to which *Burk* applies").

The Court finds that Plaintiff cannot recover damages under OADA for alleged violations of its prohibition against age discrimination. However, Plaintiff's allegations would support a common law *Burk* tort claim of wrongful discharge in violation of public policy. Therefore, Plaintiff should be permitted to amend his Complaint to assert a *Burk* tort claim.

## Conclusion

Defendant is entitled to the dismissal of Plaintiff's claim asserting an implied private right of action under OADA, but Plaintiff may file an amended pleading to assert a *Burk* tort claim pursuant to Fed. R. Civ. P. 15(a).[1]

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's OADA Claim [Doc. No. 6] is GRANTED. Plaintiff's claim under the Oklahoma Anti-Discrimination Act

---

[1] Plaintiff may file an amended pleading as a matter of right before being served with a responsive pleading. A motion to dismiss is not a responsive pleading. *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994).

is dismissed without prejudice to Plaintiff's filing an amended complaint to assert a *Burk* public policy tort claim.

      IT SO ORDERED this 2nd day of October, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE